**GAGAMOE (Joseph Willis) of Leone, Plaintiff**

**v.**

**TOTI of Leone, Defendant**

## No. 48-1948

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Matai Name: "Faasii" of Leone]

## March 23, 1948

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

Heard at Fagatogo March 12, 1948.

Counsel for Gagamoe, Tuitele; Counsel for Toti, Auma-
vae.

MORROW, *Chief Justice.*

This is a proceeding to determine the succession to the
matai name Faasii of Leone. Toti filed his application to be
registered as the Faasii on April 2, 1947. On April 30, 1947
Gagamoe (Joseph Willis) filed an objection to the pro-
posed registration and became a candidate for the name
himself. Falesau Asi of Upolu filed an objection to Toti's
offer to register the name on May 2, 1947. Her objection
was withdrawn on February 25, 1948 thereby leaving only
two candidates.

Section 926 of the Code prescribes the requirements for
succession to a matai title. Each of the candidates accord-
ing to the evidence meets the necessary requirements.

Section 933 of the Code prescribes that:

"In the trial of Matai name cases, the High Court shall be guided
by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for lead-
ership of the candidate.

3. The best hereditary right in which the male and female de-
scendants shall be equal in the family where this has been custom-
ary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government
of American Samoa."

In support of his candidacy each candidate filed a peti-
tion purporting to be signed by various members of the
family. There were 72 signatures on the petition for Toti
and 8 on the petition for Gagamoe. The 8 signers for Ga-

gamoe were his uncle, his half sister, his wife, three brothers, a sister of the full blood and his mother.

Faasii is a junior matai title in the Ilaoa family. The holder of the title Faasii renders service to the Ilaoa. It was claimed by Gagamoe that none of the signers on Toti's petition were members of the Faasii family. However there was evidence from which we conclude that there were 24 members of the Faasii family on Toti's petition and that the 48 other signers were members of the Ilaoa family. It appears to be the custom in the Ilaoa family when a junior matai is to be named for the whole family to get together and make the selection. Pursuant to such custom the Ilaoa family held a meeting and settled on Toti to hold the title Faasii. We are convinced from the evidence that a majority of the family favor the candidacy of Toti and wish him to be the holder of the Faasii title.

Gagamoe earns from $70.00 to $90.00 a month at the Navy telephone exchange as a repairman. He sells no mats or curios. He has plantations. He makes a little extra money, from $15.00 to $20.00 a month, doing odd jobs as an electrician. He speaks English. He has completed the seventh grade in school. Toti is the policeman for District Governor Toomata, earning $4.85 a month as such. He has plantations. He makes mats and curios, from the sale of which he receives about $400.00 a year. He has completed the third or fourth grade in school. He speaks little English. As a result of our observation of the personality of the two candidates at the hearing and the evidence we have reached the conclusion that they are on a parity with respect to the issue of forcefulness, personality, character and capacity for leadership.

Gagamoe is the blood son of Falesau who was adopted by Faasii Tiamo. Toti is the husband of Tamala, the blood daughter of Faasii Taetapu. Neither candidate has any Faasii blood in his veins. In the case of *Toilolo Lui v. Tuli-*

*loa*, No. 60-1948 we held that the term "hereditary right" as "used in subdivision 3 of Section 933 of the Code means right based upon blood and not upon marriage." In view of our holding in that case it would follow that Toti has no hereditary right to the name. We think that the same rule applies to a blood son of an adopted daughter, since we conclude that the hereditary right as used in subdivision 3 of Section 933 means a right based upon blood. It follows that both candidates are on a parity with respect to hereditary right.

It is obvious that the candidate that will be the best matai will be the more valuable to the Government of American Samoa. If a matai handles the affairs of his family well he is of great value to the Government. It is apparent to us from the evidence that the great majority of the family wish Toti to be the Faasii. If he is given the name he will have the support of the family from the beginning. If Gagamoe should be given the name the circumstances of the case indicate that he will not have the support of the family for a considerable time, if at all. Since he was able to get so few signers upon his petition it is clear to us that he would have serious difficulty, even if awarded the title, in securing the support and cooperation of his family. Our conclusion is that Toti will be of more value to the Government of American Samoa as the holder of the title Faasii than Gagamoe.

Since we find that Toti prevails over Gagamoe on the issues of the wish of the majority or plurality of the family and of value of the holder of the title to the Government of American Samoa and that both candidates are on an equal footing with respect to the two other issues, it follows that under the provisions of Section 933 of the Code Toti should be registered as the holder of the Faasii title.

Accordingly it is ORDERED, ADJUDGED AND DE-CREED that Toti of Leone be registered as the holder of

the matai name Faasii of Leone. The Registrar of Titles will be so advised.

Court costs in the sum of $25.00 are hereby assessed against Gagamoe the same to be paid within 30 days.